■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WARREN ANDERSON, Appellant, v. ARTHUR KRUEGER, Warden, Nassau County Jail, Respondent.— In a habeas corpus proceeding, relator appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, dated April 5, 1968, as, in sustaining the writ of habeas corpus and remanding him to the County Court, Nassau County, (1) vacated his plea of guilty in the latter court to assault in the second degree and (2) failed to direct that he be resentenced to either an indeterminate term of one to two years or, in the alternative, a definite sentence of one year or less, pursuant to section 70.05 of the Penal Law. Judgment modified, on the law and the facts, by striking therefrom the first and second decretal paragraphs thereof and by substituting therefor a decretal provision that the resentence imposed by the County Court on March 1, 1968 is vacated. As so modified, judgment affirmed insofar as appealed from, without costs. Relator was indicted for rape in the first degree, sexual abuse in the first degree, assault in the second degree, possession of a weapon as a felony and sexual misconduct. In reliance on a promise that his sentence would not exceed two years, he pled guilty to assault in the second degree (a class D felony) in full satisfaction of the indictment. On February 21, 1968 he was sentenced to an indeterminate prison term of one to two years. It was thereafter determined that the court lacked power to impose such a sentence (Penal Law, § 70.00, subd. 2) and, on March 1, 1968, relator was returned to the County Court for resentence. The court thereupon offered relator the option to either accept a one to three year sentence (the minimum permissible under Penal Law, § 70.00, subd. 2) or withdraw his guilty plea. Relator's counsel suggested the imposition of a definite term of one year or less, pursuant to section 70.05 of the Penal Law, but the court deemed such a sentence inappropriate. Relator objected, but elected not to withdraw his plea; and the one to three year sentence was imposed. On March 13, 1968, relator was again returned to the County Court so that the court's reasons for imposing a minimum period of imprisonment could be set forth in the record (Penal Law, § 70.00, subd. 3, par. [b]). Relator was again given an opportunity to withdraw his plea, but elected not to do so. Just prior to the proceedings of March 13, 1968, relator commenced the present habeas corpus proceeding, wherein his petition alleged that the sentencing court was without power to modify

the original sentence. On the hearing of the writ, however, relator's counsel conceded that the original sentence was illegal and that the sentencing court had the power to vacate it. Nevertheless, counsel contended that the modified sentence was illegal on the theory that, by pleading guilty in reliance on a promise that the maximum sentence would not exceed two years, relator obtained a vested right to such a sentence and that, in accordance with the promise, relator should have received a definite sentence of one year or less. Counsel further stated that relator had no desire to withdraw his plea. The Special Term concluded that the one to three year sentence imposed exceeded the promise made to relator and, therefore, vacated the sentence and the plea, so that relator could "either plead anew or have a trial." We are of the opinion that, under the circumstances here presented, relator was entitled to no relief beyond being afforded an opportunity to withdraw his plea. Since he was in fact given such an opportunity by the sentencing court and elected not to do so, the petition herein should have been dismissed. However, since the People have not appealed, this court is without power to reinstate the vacated sentence; hence, the matter must be remanded for reimposition of sentence. Moreover, the vacatur of relator's plea was gratuitous and improper. On the hearing below, relator made it clear that he did not wish to withdraw his plea. Even at this stage of the proceedings, he states that he desires his plea to stand. He was aggrieved by the vacatur since there is no requirement that the People accept a future guilty plea offer by him. Accordingly, the guilty plea should be reinstated. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.